**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                        :
NORMAN D. LEVINE,                       :
                                        :
                    Plaintiff,          :
                                        :
         v.                             :       Civil Action No. 08-2502 (JAP)
                                        :
SHORE SERVICE CO., INC.,                :
                                        :       **OPINION**
                    Defendant.          :
_____:

This matter comes before the Court on a motion for summary judgment by defendants

Shore Services Company, Inc.  d/b/a Arrow Limoousine, Extensis, Inc., and Paul Wiemken

(collectively, "Shore").  Proceeding _pro se_, Plaintiff brings this action alleging that Shore

discriminated against him on the basis of his diabetic condition.  Plaintiff, a former driver for

defendant limousine company, claims that Shore discriminated against him by not allowing

him to driver certain vehicles in their fleet because he did not have a valid New Jersey

Commercial Driver's License ("CDL").  The vehicles Plaintiff sought to drive were certain

vans, sport utility vehicles ("SUVs") and limousines that were part of Shore's fleet.

According to Plaintiff, he wanted to drive these vehicles because he felt he could earn more

money doing so, but was told by Defendants that a CDL was required to drive those vehicles.

Plaintiff is unable to obtain a CDL because he is an insulin-dependent diabetic.  _See_ 49 CFR

391.41 ("A person is physically qualified to drive a commercial motor vehicle if that person ...

[h]as no established medical history or clinical diagnosis of diabetes mellitus currently

requiring insulin for control.").

Plaintiff agrees with Defendants that New Jersey law requires a driver to possess a CDL in order to operate vehicles for hire designed to transport eight or more passengers. *See* Plaintiff's Response to Defendant's Memorandum of Law at 1; N.J.A.C. § 13:21-23.5. However, Plaintiff claims that the vehicles he wanted to drive are six-passenger vehicles, and points to advertising on defendant's website that shows, for example, a Ford SUV that "[h]olds up to 6 passengers with luggage." Plaintiff's Ex. A. The advertisement also shows, among others, a six-passenger limousine. Plaintiff argues that a CDL is not required for these vehicles because the advertising shows that they are designed to transport less than eight people, but nevertheless Shore did not permit him to drive them.

The issue on this motion, therefore, boils down to the question of how many passengers the vehicles at issue designed to hold. Defendants argue that mere advertising pointed to by Plaintiff is not dispositive of the number of passengers a vehicle is designed to hold. Defendants first note that the advertising is intended to communicate the number of passengers a vehicle can comfortably transport excluding the driver and any front seat passengers, and, in any event, how they choose to advertise their vehicles can in no way allow them to circumvent their obligations under applicable driving laws. Defendants have provided vehicle registration records as well as copies of the manufacturer's stickers affixed to the side door of the vehicles, and these are clear that those vehicles  at issue are designed to carry eight passengers or more. *See* Affidavit of Edward Sommers at Exs. 3-8 and Supplemental Affidavit of Edward Sommers at Exs. 1-3. Based on a review of this evidence, and being that the parties agree that a CDL is required to drive vehicles for hire that are designed to carry eight people or more, the Court finds that there is no genuine issue that a

CDL would be required for Plaintiff to operate the vehicles at issue.

To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004). Here, Plaintiff is unable to meet the second requirement and show that "he is otherwise qualified to perform the essential functions of the job." No reasonable accommodation could have been made by Defendants that would have permitted Plaintiff to drive the vehicles at issue without a CDL. Accordingly, Plaintiff's motion for summary judgment is granted.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: December 17, 2008